## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| FREDDIE A. PARSONS, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 05-11315-REK |
| LUIS SPENCER, | ) | |
|     Respondent. | ) | |
| _____ | ) | |

### RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE REMEDIES

Luis Spencer, the respondent, submits this memorandum of law in support of his motion to dismiss the habeas corpus petition filed by Freddie A. Parsons ("petitioner"). As this memorandum explains, the Court should dismiss the suit because the petitioner has failed to exhaust his available state court remedies on each of his claims. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

### BACKGROUND

On June 15, 2002, a Bristol County grand jury returned indictments charging the petitioner with rape of a child with force (Mass. Gen. Laws ch. 265, § 22A), indecent assault and battery on a child under fourteen (Mass. Gen. Laws ch. 265, § 13B), and assault with intent to rape (Mass. Gen. Laws ch. 265, § 24B). *See* [Supplemental Appendix ("S.A.") 4, 6]. The petitioner's jury trial commenced on January 7, 2002 (Tierney, J., presiding) and concluded the following day when the jury found the petitioner guilty as charged on each indictment. [S.A. 5]. In accordance with these verdicts, Judge Tierney sentenced the petitioner to a committed state prison term of seven years to seven years and one day on the forcible rape of a child conviction,

2

and a consecutive, twenty year probationary term for the indecent assault and battery on a child

conviction. [S.A. 5]. The petitioner's conviction for assault with intent to rape was placed on

file by order of the court. [S.A. 5].[1]

The petitioner appealed his convictions to the Massachusetts Appeals Court which

affirmed them in an unpublished opinion issued pursuant to its Rule 1:28 on May 28, 2004.

*Commonwealth v. Parsons*, 61 Mass. App. Ct. 1107, 808 N.E.2d 1258 (2004). He then filed an

application for leave to obtain further appellate review ("ALOFAR") in the Supreme Judicial

Court ("SJC"). In support of his application, he argued that the prosecutor improperly elicited

evidence that the victim's mother had suspected that he was sexually abusing the victim and that

the prosecutor improperly argued in closing that the jurors should place themselves in the

victim's position. [S.A. 22-31]. The SJC denied his application for leave to obtain further

appellate review on July 21, 2004. *Commonwealth v. Parsons*, 442 Mass. 1106, 812 N.E.2d 922

(2004).

On June 13, 2005, the petitioner filed for federal habeas relief in this Court. In his

petition, he argues, as he did in his ALOFAR, that the prosecutor improperly elicited evidence

that the victim's mother had suspected that he was sexually abusing the victim, and that the

prosecutor improperly argued in closing that the jurors should place themselves in the victim's

position. Habe. Pet. ¶ 12(A). He also makes the additional claim, not made in his ALOFAR,

that his conviction for indecent assault and battery must be vacated because it is duplicative of

---

[1] "It has long been the practice in this Commonwealth that a judge, after a plea of guilty or a conviction may order that the conviction be placed on file." *Commonwealth v. Delgado*, 367 Mass. 432, 437-438, 326 N.E.2d 716, 719 (1975). The effect of placing a conviction or guilty plea on file is that no appeal may be taken because the judgment is not complete in a criminal case until a sentence is imposed. *Id.*

3

his conviction for rape of a child with force.[2]

## ARGUMENT

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotations omitted); *Adelson v. Dipaolo*, 131 F.3d 259, 261 (1st Cir. 1997). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of judicial proceedings." *Rose v. Lundy,* 455 U.S. 509, 518 (1982) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-491 (1973)). It also prevents piecemeal litigation and "promotes comity in that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Duncan v. Walker*, 533 U.S. 167, 179-180 (2001) (internal quotations omitted). In short, "[s]ection 2244(d)(1)'s limitation period and § 2244(d)(2)'s tolling provision, together with § 2254(b)'s exhaustion requirement, encourages litigants *first* to exhaust all state remedies and *then* to file their federal habeas petitions as soon as possible." *Duncan*, 533 U.S. at 181 (emphasis in original). The Supreme Court's interpretation of the doctrine "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose*, 455 U.S. at 520.

In order to exhaust a claim, a petitioner must "'fairly present' his claim in each

---

[2] The petitioner also appears to argue that his conviction for assault with intent to rape is duplicative of his forcible rape conviction. This conviction is not before the Court because it was not before the State appellate courts. *See supra*, note 1.

4

appropriate state court (including a state supreme court with powers of discretionary review),

thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (quoting

*Duncan v. Henry*, 513 U.S. 364, 365-366 (1995) (per curiam)). If the petitioner fails to raise the

claim in his application to the state's highest court, he has failed to meet the "fair presentation"

standard. *Baldwin*, 541 U.S. at 30-31. This is so even where the state supreme court has an

opportunity to read the lower court opinions. *Id.*

> A.    The Petitioner Failed To Exhaust His Second Claim.

In his application for further appellate review, the petitioner argued that the prosecutor

improperly elicited evidence that the victim's mother had suspected that he was sexually abusing

the victim and that the prosecutor improperly argued in closing that the jurors should place

themselves in the victim's position. [S.A. 22-32]. In his habeas corpus petition, the petitioner

makes these same arguments. Habe. Pet. ¶ 12(A). He also makes an argument, not set forth in

his ALOFAR, that his convictions for indecent assault and battery on a child and assault with

intent to rape are duplicative of his conviction for rape of a child with force. Habe. Pet. ¶ 12(B).

In *Baldwin*, the Supreme Court held "that ordinarily a state prisoner does not 'fairly

present' a claim to a state court if that court must read beyond a petition or a brief (or a similar

document) that does not alert it to the presence of a federal claim." *Baldwin*, 541 U.S. at 32.

Because the petitioner's ALOFAR did not contain the second argument that the petitioner presses

in this Court, that claim is unexhausted. Under these circumstances, the petitioner has presented

a "mixed" petition to this Court, *see, e.g., Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir.

2004) ("mixed" petition contains both exhausted and unexhausted claims), which ought to be

dismissed.

5

B.    This Court Should Dismiss the Petition Or, in the Alternative, Order the Petitioner to Amend His Petition to Present Only The Claim Which He Has Exhausted.

In light of the interplay between *Rose* and AEDPA's statute of limitations, many courts, the First Circuit included, adopted "stay-and-abeyance" procedures. These procedures permit a district court to stay the case while the petitioner returns to state court to exhaust his claims if there is a "'realistic danger that a second petition, filed after exhaustion has occurred, will be untimely.'" *See Nowaczyk v. Warden*, 299 F.3d 69, 79 (1st Cir. 2002) (quoting *Delaney v. Matesanz*, 264 F.3d 7, 13 n.5 (1st Cir. 2001). In *Rhines v. Weber*, the Supreme Court determined that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goals of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." 125 S. Ct. 1528, 1534 (2005). Thus, the Court held, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 1535.

In this case, dismissal of the petition is appropriate because the petitioner has made no showing with respect to good cause to stay his petition. Further, there is no realistic danger that a second petition, filed after exhaustion has occurred, will be untimely because his conviction did not become final until the ninety-day period for seeking certiorari expired on October 19, 2004. *See Neverson v. Farquharson*, 366 F.3d 32, 36 (1st Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). Consequently, the petitioner has nearly three months to file a motion for collateral relief in state court. Since the filing of a state motion for collateral relief stays the

6

statute of limitations, *see* 28 U.S.C. § 2244(d)(2), there is no realistic possibility that a second

petition will not be timely filed.  Dismissal is appropriate under these circumstances.

In the alternative, the Court should order the petitioner to amend the petition to present

only the exhausted claim set forth in paragraph 12(A) of his petition.  *See Nowaczyk*, 299 F.3d at

76 ("*Rose* held that a state prisoner who has both exhausted and unexhausted claims can obtain

prompt federal review of the exhausted claims if he filed a mixed petition and then amends it to

remove the unexhausted claims.").

## CONCLUSION

For the foregoing reasons, this Court should dismiss the habeas corpus petition or, in the

alternative, order the petitioner to amend his petition so that it presents only the claim which he

has exhausted.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Daniel I. Smulow
Daniel I. Smulow, BBO # 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2949

Dated: July 22, 2005

## Certificate of Service

I hereby certify that a true copy of the above document was served on Freddie A. Parsons,
W-70538, M.C.I. - Norfolk, P.O. Box 43, Two Clark Street, Norfolk, MA 02056-0043, by first
class mail, postage prepaid, on July 22, 2005.

7

/s/ Daniel I. Smulow

## **Notice of Filing with Clerk's Office**

Notice is hereby given that the Respondents' Supplemental Appendix has been manually filed with the Court and is available in paper form only.

/s/ Daniel I. Smulow

Dated: July 22, 2005